[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant is charged with driving under the influence and manslaughter in the second degree with a motor vehicle. The vehicle (the "vehicle") which the plaintiff was operating at the time of the accident which gave rise to these charges was seized CT Page 6111 by the police, and it is now being held, according to the state's attorney, as evidence.
The vehicle was owned at the time of the accident by the defendant's wife, and she has moved for its return to her on the ground that her loss of use of the vehicle creates a financial hardship. (In addition, the defendant states that he may want to have the vehicle examined by an accident reconstructionist before trial. Such an examination is governed by the provisions of the Practice Book relating to discovery. Accordingly, that claim is not addressed herein.)
A hearing was held on this motion at which no testimony or exhibits were offered.
DISCUSSION
The disposition of seized property is governed by §54-36a(c) of the General Statutes, which provides:
 Unless such seized property is stolen property and is ordered returned pursuant to subsection (b) of this section or unless such seized property is adjudicated a nuisance in accordance with section 54-33g, or unless the court finds that such property shall be forfeited or is contraband, or finds that such property is a controlled drug, a controlled substance or drug paraphernalia as defined in subdivision (8), (9) or (20) of section 21a-240, it shall, at the final disposition of the criminal action or as soon thereafter as is practical, or, if there is no criminal action, at any time upon motion of the prosecuting official of such court, order the return of such property to its owner within six months upon proper claim therefor.
On its face, § 54-36a(c) states clearly that seized property shall not be returned to its owner until, at the earliest, "the final disposition of the criminal action." Nonetheless, the defendant argues that he will stipulate to the admission of secondary evidence concerning the vehicle and that he will stipulate to any claims of the state concerning the vehicle, so that, according to the defendant, the state has no need to hold the vehicle in order to be able to introduce it as evidence at the trial of this case.
The court's modest research on this issue has disclosed dicta
CT Page 6112 in other jurisdictions to the effect that property originally seized as evidence can be held by the state only so long as it is needed as evidence. Therefore, if Connecticut law were to the same effect, and if it were also clear that the vehicle is not needed by the state as evidence, the defendant's wife would be entitled to the return, at this time, of the vehicle. However, the offers by counsel for the defendant to agree to the introduction of secondary evidence concerning the vehicle, and to stipulate to the claims of the state regarding the vehicle, do not establish that the state is not holding the vehicle as evidence. The offers of defendant's counsel to the contrary notwithstanding, the state may have many reasons for intending to offer the vehicle in evidence, and in the absence of evidence on this issue, the court cannot find that the vehicle is not being held as evidence.
Because no finding is made as to whether the vehicle is being held as evidence, the question whether Connecticut law allows the state to hold property, other than contraband, which will not be offered in evidence is not reached,
CONCLUSION
The motion of the defendant and his wife is denied.
Levine, J., J.